UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHIRLEY HINE,

      Plaintiff,

  v.

SUNRISE SENIOR LIVING MANAGEMENT, INC.,

      Defendant.

No. 14 CV 5817

Judge Manish S. Shah

## ORDER

Defendant's motion to dismiss [29] is granted in part, denied in part. Count II is dismissed, Count I is not dismissed.

## STATEMENT

Plaintiff was living at defendant's assisted living facility when she was attacked by a fellow resident. According to plaintiff, defendant knew or should have known that the attack was likely to occur, and so defendant's failure to reasonably protect her amounted to negligence and medical malpractice. Defendant now moves to strike plaintiff's negligence claim and to dismiss her malpractice claim. For the following reasons, defendant's motion is granted in part and denied in part.

*Legal Standard*

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). In reviewing the sufficiency of a complaint, I accept the well-pleaded facts as true. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

Federal Rule of Civil Procedure 12(f) provides that on a party's motion, I may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). Motions to strike are ordinarily disfavored because they often function only to delay resolution of a case, but "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

*Background*

Plaintiff Shirley Hine resided at an assisted living facility owned and operated by defendant Sunrise Senior Living Management, Inc. Dkt. 25 ¶¶ 5-6. On July 17, 2012, she was assaulted by a fellow resident. Dkt. 25-1 at 3. Plaintiff's attacker had already attacked her at least once while the two were living at defendant's facility. *Id*. Despite defendant's knowledge of the "serious risk for injury that this resident posed to [plaintiff] and other residents, [defendant] failed to take the necessary actions[,] assessments[,] procedures[,] and monitoring required by the standard of care." *Id*.

Plaintiff's first amended complaint alleges counts for "Negligence" and "Medical Malpractice." *See* Dkt. 25 at 1-3. In support of the latter, and pursuant to 735 ILCS 5/2-622, plaintiff attached an "Affidavit" and "Health Professional's Report" to her complaint. Dkt. 25-1 at 2-3. The report provides plaintiff's reviewing health professional's qualifications and describes his or her familiarity with the case. *Id*. The physician sets forth the entirety of his or her analysis of the case's merit in the report's last three paragraphs:

8. Upon Shirley Hine's admission to Sunrise Assisted Living of Palos Park she had macular degeneration, hypothyroidism and dementia. She was legally blind.

9. On July 17, 2012[,] Ms. Hine was assaulted by another resident at the facility. That resident also had a history of dementia and had previously assaulted Ms. Hine. Despite Sunrise Assisted Living of Palos Park's awareness and knowledge of the serious risk for injury that this resident posed to Ms. Hein and other residents, they failed to take the necessary actions[,] assessments[,] procedures[,] and monitoring required by the standard of care.

10. The assault physical [sic] and cognitive trauma including fracture of her shoulder were all foreseeable and avoidable. Based upon my experience, training, knowledge and review of the medical records in this case, I believe that that [sic] there is a reasonable and meritorious basis for filing suit against Sunrise Assisted Living of Palos Park.

Dkt. 25-1 at 3.

Defendant has moved to strike plaintiff's negligence count and to dismiss her medical malpractice count.

*Analysis*

Illinois law requires a plaintiff "seek[ing] damages for injuries or death by reason of medical, hospital, or healing art malpractice," to attach to her complaint (1) an affidavit from the plaintiff or her attorney stating that a qualified health professional has determined in a written report that there is a meritorious cause of action, and (2) the health professional's written report indicating the basis for that determination. 735 ILCS 5/2-622(a). Failure to comply with these requirements is grounds for dismissal. 735 ILCS 5/2-622(g).*

Defendant argues that plaintiff's physician's report is deficient because "it lacks specificity as to what action(s) by [defendant] was/were negligent or fell below the applicable standard of care." Dkt. 29 at 6. In particular, defendant says the report "lacks any specificity as to 1) what the applicable standard of care required; and/or 2) what particular actions [defendant] took (or failed to take) which was [sic] a departure from that standard of care." *Id*.

In response, plaintiff notes that "[t]he purpose of the enactment [of section 2-662 was] not to burden the plaintiff with insurmountable hurdles prior to the filing but to ensure that plaintiff has a meritorious claim" and that "[t]he technical requirements for the statute should not interfere with the spirit or purpose of the statute . . . ." Dkt. 30 at 4 (quoting *Apa v. Rotman*, 288 Ill. App. 3d 585, 589-90 (5th Dist. 1997)). More to the point, plaintiff argues that "section 2-622 does not require a certificate and report to state what care should have been provided that was not." Dkt. 30 at 4-5 (quoting *Neuman v. Burstein*, 230 Ill. App. 3d 33, 39-40 (2d Dist. 1992)).

---

* Subject-matter jurisdiction over this case is based on 28 U.S.C. § 1332(a). Plaintiff is a citizen of Illinois, while defendant is incorporated and headquartered in Virginia. Because I exercise diversity jurisdiction, state substantive law applies. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The parties agree that Illinois law controls, including 735 ILCS 5/2-622. *See also Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

3

I agree with defendant that plaintiff's report is insufficient because it "does not . . . set forth with any particularity *how* [defendant] deviated from the standard of care applicable to [it]." *Jacobs v. Rush North Shore Medical Center*, 284 Ill. App. 3d 995, 1000 (1st Dist. 1996) (emphasis in original). For example, the reports does not set forth any of the particulars of (1) how plaintiff was able to be attacked by the fellow resident, or (2) why defendant is to be blamed for that attack. Instead, plaintiff's report generally concludes that defendant "failed to take the necessary actions[,] assessments[,] procedures[,] and monitoring required by the standard of care." Dkt. 25-1 at 3. "These assertions, unsupported by any facts or reasoning, are insufficient to meet the requirements of section 2-622." *Jacobs*, 284 Ill. App. 3d at 1000.

Plaintiff's report also fails because it does not set forth "the deficiencies in the *medical care* given by defendan[t]." *Neuman*, 230 Ill. App. 3d at 39-40 (emphasis added). Construing the report liberally, it merely describes the fact that defendant knowingly allowed plaintiff to be attacked by another resident. However, nothing in the report, or elsewhere in the complaint, states or suggests that this attack was a proximate consequence of defendant's provision of medical care to plaintiff. While it is certainly true that these events arose in an assisted living facility, that fact alone does not connect the injury to plaintiff's medical care. *See Heastie v. Roberts*, 226 Ill. 2d 515, 551 (2007) ("Not every injury sustained by a patient in a hospital results from healing-art malpractice. Hospitals also have administrative and managerial duties toward patients, a breach of which may subject them to liability.") (citations omitted). Because plaintiff's physician's report does not meet the requirements of section 2-662, Count II is dismissed.

Defendant's argument for striking Count I is that it duplicates Count II. But now that Count II has been dismissed, this argument necessarily fails. Further, I reject defendant's undeveloped suggestion that Count I sounds in medical negligence. The injury alleged in Count I derived from defendant's "administrative and management functions, not its delivery of medical care." *Heastie*, 226 Ill. 2d at 552-53. As such, it is more properly viewed as a claim for ordinary negligence. Finally, even if I were to construe defendant's motion as one to dismiss for failure to state a claim, Count I states a claim for negligence because it plausibly alleges (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty, and (3) an injury proximately caused by the breach. *See Garest v. Booth*, 2014 IL App (1st) 121845, ¶ 27 (1st Dist. 2014). Count I survives.

ENTER:

                                                            Manish S. Shah
                                                            United States District Judge

Date: 10/17/14